```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


OMAR SMALLS                       :
                                  :   CIVIL ACTION
          Plaintiff               :
                                  :
     vs.                          :   NO. 17-3985
                                  :
ALAN ELHYANI and                  :
P/O ARTHUR COMAS                  :
(BADGE #3479)                     :
                                  :
          Defendants              :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                          **February 5, 2019**

Defendants Alan Elhyani and Police Officer Arthur Comas have brought this §1983 action before the Court on Motion for Summary Judgment. For the reasons outlined below, the Motion shall be GRANTED.[1]

## Factual Background

This case arose on October 28, 2015 when Plaintiff became involved in an argument with the mother of his children outside the Mastery Charter School at or near the intersection of 53rd

---

[1] In his response to Defendant's summary judgment motion, "Plaintiff does not dispute that his claims against Officer Comas should be dismissed." (Pl's Brief in Opposition to Defendant's Motion for Summary Judgment, p. 4). Accordingly, we shall grant the motion as uncontested as to Officer Comas and address only the remaining claims against Defendant Elhyani in this Memorandum Opinion.

1

and Media Streets in Philadelphia, Pennsylvania.  In the course of this altercation, Plaintiff was punched in the head by a school police officer and fell to the ground.  An ambulance was called and a unit from the Philadelphia Fire Department EMS responded, as well as a policeman from the Philadelphia Police Department.

At the time the ambulance arrived, Plaintiff was sitting on the sidewalk in the pouring rain.  Plaintiff was helped into the ambulance where he was evaluated by Fire Service Paramedic Defendant Alan Elhyani.  Defendant Elhyani asked Plaintiff what happened, whether he was injured, and his medical history but despite being conscious and apparently able to walk and move all of his body parts, Plaintiff did not answer or say anything in response.  Plaintiff complied with Elhyani's direction to sit on the stretcher and Elhyani took his blood pressure and pulse oxygen and checked the pupils of his eyes using a penlight, but Plaintiff still did not say anything or respond to any questions.  Plaintiff was then strapped to the stretcher for transport to the hospital with straps at his ankles, thigh and between his chest and waist.

While en route to the Penn Presbyterian Medical Center, Defendant Elhyani advised Plaintiff that he was going to check his blood sugar for diabetes and/or hypoglycemia and that he would feel a little pinch.  When Elhyani stuck Plaintiff's

2

finger for blood with a lancet, Plaintiff swung his right hand in an upward motion, hitting Elhyani in the groin. Plaintiff accused Elhyani of stealing his blood, undid the stretcher straps and stood up, as did Elhyani. The ambulance driver pulled over and a police officer came to the scene. When the officer asked what had happened, Elhyani told him that Plaintiff had struck him. The officer saw that Plaintiff was not being cooperative and was not sitting on the stretcher and eventually Plaintiff got back onto the stretcher, was strapped in[2], and the trip to the hospital resumed.

At the hospital, Elhyani complied with the directive he had received over the radio to call his supervisor, Bethann Jablonski. She instructed him that he was then out-of-service and that he was to file a report because he had been assaulted. Elhyani was also met at the hospital by Defendant Police Officer Comas, who had been dispatched when the ambulance driver had radioed for help immediately after Plaintiff struck him in the groin and the vehicle had pulled over. From the hospital, Defendant Elhyani went to the district police station where he spoke with a different officer or detective – not Comas. Plaintiff was subsequently charged with aggravated assault,

---

[2] According to Elhyani's deposition testimony, for safety reasons, they are not permitted to transport a patient unless that patient is secured on the stretcher. The straps appear and function like the seat belts on an airplane. (Elhyani Deposition, dated July 6, 2018 and annexed as an exhibit to Defendant's Summary Judgment Motion, at p. 26-28).

3

simple assault and recklessly endangering another person for striking Elhyani. Plaintiff was arrested and taken into police custody later that day. Following his preliminary hearing on December 7, 2015, the charge of aggravated assault was dismissed for failure to make out a *prima facie* case. Thereafter, immediately prior to the scheduled trial on January 12, 2016, the remaining charges were dismissed for lack of prosecution.

Plaintiff commenced this action on September 6, 2017 asserting claims under Section 1983 for violation and conspiracy to violate his Fourth and Fourteenth Amendment rights, and for false imprisonment, malicious prosecution and civil conspiracy under Pennsylvania state law. Following denial of Defendants' motion to dismiss and the taking of discovery, Defendants filed this motion for summary judgment on August 29, 2018.

### **Standards Governing Motions for Summary Judgment**

Fed. R. Civ. P. 56 permits the filing of summary judgment motions. Subsection (a) of that Rule provides as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Thus, as Rule 56(a) makes clear, the initial burden falls upon the party seeking summary judgment (*i.e.*, the movant) to point

to the evidence which it believes demonstrates the absence of a genuine issue of material fact. United States v. Donovan, 661 F.3d 174, 185 (3d Cir. 2011) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences against the moving party. Roth v. Norfalco, LLC, 651 F.3d 367, 373 (3d Cir. 2011); El v. SEPTA, 479 F.3d 232, 237 (3d Cir. 2007).

Although the line between reasonable inferences and impermissible speculation is often "thin," it is nevertheless critical because "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382, n.12 (3d Cir. 1990) and Fragale & Sons Beverage Co. v. Dill, 750 F.2d 469, 474 (3d Cir. 1985)). Inferences must flow directly from admissible evidence. Id. An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.

Ed.2d 202 (1986)).  In other words, "[f]acts that could affect the outcome are 'material facts,' and a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011) (citing Anderson, 477 U.S. at 248 and Celotex, 477 U.S. at 322-323).  In any event, to survive summary judgment, the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the non-movant.  Burton v. Teleflex, Inc., 707 F.3d 417, 425 (3d Cir. 2013) (quoting Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)).

## Discussion

As noted, Plaintiff asserts claims against Defendant Elhyani for violations of his constitutional rights under the Fourth and Fourteenth Amendments to be free from false arrest, malicious prosecution, wrongful incarceration and deprivation of liberty and property without due process and for conspiracy to violate those rights pursuant to 42 U.S.C. §1983, and for malicious prosecution, civil conspiracy and false imprisonment under Pennsylvania common law.  The genesis of these claims was the filing by Defendant Elhyani of a complaint with the Philadelphia Police Department that Plaintiff struck him in the groin in the course of his ambulance transport from 53rd and

6

Media Streets, and Defendant's testimony against Plaintiff at the preliminary hearing.

   *A. Federal Claims Pursuant to 42 U.S.C. §1983*

   It has been observed that Section 1983 authorizes redress for violations of constitutional and statutory rights; it is not itself a source of substantive rights but is instead a method for vindicating federal rights elsewhere conferred.  <u>Baker v. McCollan</u>, 443 U.S. 137, 144, n.3, 99 S. Ct. 2689, 2694, n.3, 61 L. Ed.2d 433 (1979); <u>Pearson v. Prison Health Service</u>, 850 F.3d 526, 534, n.2 (3d Cir. 2017).[3]

   The threshold inquiry in a §1983 suit requires courts to identify the specific constitutional right at issue.  <u>Manuel v. City of Joliet</u>, 137 S. Ct. 911, 920, 197 L. Ed.2d 312, (2017) (citing <u>Albright v. Oliver</u>, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994) (plurality opinion)).  Then, "[a] plaintiff seeking relief under 42 U.S.C. §1983 must demonstrate 'that the defendants, acting under color of law, violated the

---

[3] Section 1983 reads:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury.'" <u>Black v. Montgomery County</u>, 835 F.3d 358, 364 (3d Cir. 2016) (quoting <u>Elmore v. Cleary</u>, 399 F.3d 279, 281 (2005)).

Plaintiff here has identified the Fourth and Fourteenth Amendments as the sources of the constitutional rights which he alleges Defendant violated. Under the Fourth Amendment,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

The Fourteenth Amendment, in turn provides in relevant part:

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, §1.

The Fourteenth Amendment therefore effectively "incorporates" the protections of the Fourth and other Amendments, insofar as it "forbids states from depriving 'any person of life, liberty, or property without due process of law" and "contains both substantive and procedural components."

Baker, 443 U.S. at 142-143, 99 S. Ct. at 2694; Holland v. Rosen, 895 F.3d 272, 292 (3d Cir. 2018) (quoting U.S. Const. Amend. XIV and Steele v. Cicchi, 855 F.3d 494, 501 (3d Cir. 2017)).

Under these amendments, "[t]he standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.'" Gerstein v. Pugh, 420 U.S. 103, 111, 95 S. Ct. 854, 43 L. Ed.2d 54 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). "The inquiry in a §1983 false arrest claim is not whether the person arrested in fact committed the offense, but whether the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe that the offense has been or is being committed by the person to be arrested." Jackson v. Mills, Civ. A. No. 96-3751, 1997 U.S. Dist. LEXIS 14467 at *18 (E.D. Pa. Sept. 4, 1997) (citing Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995) and Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995)). In making this inquiry, "[a] court must look at the 'totality of the circumstances' and use a 'common sense' approach to the issue of probable cause." Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).

Given that Plaintiff has agreed that the claims against Officer Comas are properly dismissed and since Defendant Elhyani

9

did not arrest or incarcerate him, it appears that Plaintiff's only remaining federal claims are for malicious prosecution and conspiracy to deprive Plaintiff of his clearly established Constitutional rights.[4]

The Third Circuit has held that "[t]o prove a Fourth Amendment malicious prosecution claim, a plaintiff must show: '(1) the defendant initiated a criminal proceeding (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" Black, supra, (quoting Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007)); DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). To make

---

[4] Count One of Plaintiff's complaint asserts that, in addition to Defendants' alleged violation of his rights to be free from false arrest, wrongful incarceration and malicious prosecution, he was also deprived of liberty and property without due process. The "'root requirement' of the Due Process Clause" … "is that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed.2d 494 (1985) (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)). Although malicious prosecution claims may be premised on both the Fourth and Fourteenth Amendments and may also include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution, such claims are not cognizable under the "more generalized notion of substantive due process." Albright v. Oliver, 510 U.S. at 272-273, 114 S. Ct. at 813; Torres v. McLaughlin, 163 F.3d 169, 172, 173 (3d Cir. 1998); DeJesus v. Wehrman, Civ. A. No. 16-CV-4745, 2017 U. S. Dist. LEXIS 160233 at * 11 - *12 (E.D. Pa. Sept. 27, 2017). And, as it is clear from the face of Plaintiff's complaint and the evidence of record, Plaintiff was afforded procedural due process through the criminal proceedings and preliminary hearing.

10

out a section 1983 conspiracy claim, … there must be a showing of the existence of a conspiracy involving state action and a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Piskanin v. Hammer, Civ. A. No. 04-1321, 2005 U.S. Dist. LEXIS 28135 at * 11 (E.D. Pa. Nov. 14, 2005) (citing Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000)). A conspiracy is an agreement of two or more persons to "do a criminal act, or to do an unlawful act by unlawful means or for an unlawful purpose." Pellegrino Food Products Co. v. City of Warren, 136 F. Supp. 2d (W.D. Pa. Dec. 6, 2000) (quoting Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. Dec. 6, 2000)). Thus, a plaintiff must show a "combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events," *i.e.*, "to deprive him of a federally protected right." Kagarise v. Christie, Civ. A. No. 09-402, 2013 U.S. Dist. LEXIS 167791 at *3 (M.D. Pa. Nov. 26, 2013) (quoting Ridgewood Board of Education v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999)).

In reviewing the evidentiary record in this matter, while Plaintiff has successfully shown that Defendant Elhyani filed a police complaint for assault against him that resulted in Plaintiff being charged with aggravated and simple assault and recklessly endangering another person, that those charges were

dismissed prior to trial and that Plaintiff was incarcerated for approximately two months, Plaintiff has failed to show the remaining two elements necessary to sustain a malicious prosecution claim. That is, and as borne out by the finding at Plaintiff's preliminary hearing, there was indeed probable cause to initiate criminal proceedings. While it is unclear what motivated him to do so, the fact that Plaintiff struck Defendant in the groin while the ambulance was en route to the hospital is undisputed, even by Plaintiff himself.[5] We find this action in and of itself to be sufficient to warrant the filing of the aforementioned charges against Plaintiff. Nor is there any evidence whatsoever that Defendant Elhyani acted maliciously or for a purpose other than bringing the plaintiff to justice. Again, the record evidence reflects that Elhyani was complying with a directive by his supervisor to register a complaint concerning the incident; the decision to formally charge Plaintiff was made by Officer Comas and/or the Philadelphia

---

[5] The elements of aggravated assault are set forth at 18 Pa. C.S. §2702 which provides in pertinent part that "a person is guilty of aggravated assault if he: … attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) [which includes emergency medical services personnel] or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty …" 18 Pa. C. S. §2702(a), (c)(21). Simple assault is defined as occurring when a person "(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;" or "(c) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa. C.S. §2701(a)(1), (3). And recklessly endangering another person arises if a person "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa. C.S. §2705.

12

Police Department – not Elhyani. And, to the extent that the gist of Plaintiff's complaint against Elyhani is the testimony which he gave at the preliminary hearing, the law is well settled that "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony," such that "[w]hen a witness is sued because of his testimony, … the claims of the individual must yield to the dictates of public policy." Rehberg v. Paulk, 566 U.S. 356, 367, 132 S. Ct. 1497, 182 L. Ed.2d 593 (2012) (quoting Briscoe v. LaHue, 460 U.S. 325, 332-333, 103 S. Ct. 1108, 75 L. Ed.2d 96 (1983) (emphasis in original). For all of these reasons, judgment as a matter of law is properly entered in favor of Defendant Elhyani on Count One of Plaintiff's Complaint.

As to the second Count of the Complaint, we first note that the record in this matter is likewise devoid of any evidence that Defendant Elhyani conspired or otherwise agreed with anyone else to unlawfully institute criminal proceedings, prosecute Plaintiff or deprive him of his liberty. Plaintiff has agreed in his Brief in Opposition to Defendant's Motion for Summary Judgment "that, to the extent the claims against Officer Comas should be dismissed, the conspiracy claim should as well as to both defendants." (Pl's Brief in Opposition, at p. 10). Accordingly, we shall grant Defendant's motion and enter summary

judgment in his favor and against Plaintiff on Count Two of the Complaint as well.

   B. *Plaintiff's Pennsylvania State Law Claims*

   The elements of Plaintiff's state law claims for false imprisonment, malicious prosecution and civil conspiracy mirror those which he asserted under federal law. See, e.g., Kokinda v. Breiner, 557 F. Supp. 2d 581, 593 (M.D. Pa. 2008) ("Pennsylvania state law false arrest claims and federal constitutional false arrest claims are co-extensive as to both elements of proof and elements of damages.") More particularly, a malicious prosecution claim under Pennsylvania law is sustained only if the plaintiff can demonstrate that the defendant instituted proceedings without probable cause and with malice, and the proceedings terminated in the plaintiff's favor." DeJesus v. Wehrman, 2017 U.S. Dist. LEXIS 160233 at *11 - *12 (E.D. Pa. Sept. 27, 2017) (citing Kelley v. Gen. Teamsters, Local Union 249, 518 Pa. 517, 544 A.2d 940, 941 (Pa. 1988)). Plaintiffs alleging malicious prosecution bear the burden of proving want of probable cause. Id, (citing Miller v. Pa. R. Co., 371 Pa. 308, 89 A.2d 809, 811 (Pa. 1952)).

   The common law tort of civil conspiracy under Pennsylvania law similarly requires: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;

(2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Egli v. Strimel, 251 F. Supp. 3d 827, 840 (E.D. Pa. 2017). "Proof of malice, *i.e.,* an intent to injure, is essential in proof of a conspiracy and this unlawful intent must be absent justification." Win & Son, Inc. v. City of Philadelphia, 178 F. Supp. 3d 234, 246 (E.D. Pa. 2016) (quoting Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 211, 412 A.2d 466, 472 (1979)).

To establish false imprisonment under Pennsylvania law, a plaintiff must show: (1) that he has been detained, and (2) that the detention was unlawful. Gwynn v. City of Philadelphia, 719 F.3d 295, 304, n. 4 (3d Cir. 2013) (citing Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (Pa. 1994)). Inasmuch as in Pennsylvania, as under the Fourth Amendment, "detainment and confinement" constitute the gravamen of the "civil wrong committed by an individual who illegally arrests or employs authority over another while purportedly enforcing the law", it has been said that "false arrest and false imprisonment are merely different labels which describe the same conduct" and are "essentially the same claim" generally analyzed together. Olender v. Township of Bensalem, 32 F. Supp. 2d 775, 791 (E.D. Pa. 1999) (citing Gagliardi v. Lynn, 446 Pa. 144, 147, 285 A.2d 109, 110 (Pa. 1971)). See also, Davila v. United States, 247 F.

15

Supp. 3d 650, 658 (W.D. Pa. 2017); Watson v. Witmer, 183 F. Supp. 3d 607, 617 (M.D. Pa. 2016)) (same).

In view of these precepts, we see no reason to repeat the analysis set forth above. Suffice it to say that we hereby conclude that Defendant is entitled to judgment in his favor as a matter of law on Count Three of Plaintiff's Complaint for the same reasons as were set forth with respect to Counts One and Two.

Defendants' motion for summary judgment shall therefore be granted in its entirety pursuant to the attached Order.